Scott A. Brown, SBN 177099
BROWN | POORE LLP
3100 Oak Road, Suite 100
Walnut Creek, California 94597
Telephone:     (925) 943-1166
sbrown@bplegalgroup.com

Attorneys for Plaintiff
LUIS LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS LOPEZ,<br><br>                Plaintiff,<br><br>v.<br><br>NORTHWEST CASCADE, INC. and DOES 1 to 10,<br><br>                Defendants. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE AND/OR INJUNCTIVE RELIEF**<br><br>VIOLATIONS OF THE FAIR LABOR STANDARDS ACT ("FLSA");<br>UNPAID OVERTIME WAGES (LAB. CODE SECTIONS 510, 1194);<br>UNPAID MEAL PERIOD WAGES (I.W.C. WAGE ORDER NO. 4, LAB. CODE SECTIONS 226.7, 512)<br>WAITING TIME PENALTIES (LAB. CODE SECTIONS 201, 202, 203);<br>ITEMIZED WAGE STATEMENT VIOLATIONS (LAB. CODE SECTION 226);<br>VIOLATIONS OF CALIFORNIA LABOR CODE SECTION 1102.5;<br>VIOLATIONS OF THE CALIFORNIA FAIR EMPLOYMENT & HOUSING ACT, GOVERNMENT CODE SECTION 12940 ET SEQ;<br>VIOLATIONS OF LABOR CODE SECTION 6310;<br>WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICIES<br><br>**JURY TRIAL DEMANDED** |

Plaintiff LUIS LOPEZ complains and alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff LUIS LOPEZ ("Plaintiff") is, and at all relevant times hereto, has been a resident of the State of California.

2. Plaintiff is informed and believes and thereby alleges that Defendant NORTHWEST CASCADE, INC. ("Defendant", "Northwest" or "Honey Bucket") is a company that manufactures and distributes portable toilets and is authorized to do business in the State of California, with its headquarters in Puyallup, Washington.

3. Defendant Northwest was at all applicable times an employer in this judicial district, with distribution divisions in Concord and Richmond, California, within the territory of the Northern District of California. Plaintiff was located at the Defendant's "Honey Bucket" division in Richmond.

4. This Court has jurisdiction and venue over this action in that Defendant Northwest employed Plaintiff within this judicial district in the State of California, and Plaintiff is seeking relief under federal law, including the Fair Labor Standards Act, 29 U.S.C. Sections 201 et seq. Further, diversity of citizenship exists between the parties pursuant to 29 U.S.C. Section 1332. This Court has supplemental jurisdiction over any state law claims, in that they arose from the same common nucleus of operative facts, as the federal claims.

5. Plaintiff has exhausted all administrative remedies prior to filing this action, including obtaining a Right to Sue Notice from the California Department of Fair Employment and Housing.

6. Plaintiff is unaware of the names of Defendants identified herein as DOES 1-10, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes and thereon alleges, that Defendants sued herein as DOES are responsible in some manner for the practices, acts, conduct, and occurrences alleged herein, as either actual perpetrators or co-conspirators, aiders and abettors, officers, directors, and/or managing agents with the knowledge, control, authority, direction, and/or ratification of the other Defendants, and each of them.

Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of the DOE Defendants, and the roles they played, once their identities and/or manner of participation in the wrongful conduct herein described is ascertained.

7. Unless otherwise indicated as acting in individual capacity, Plaintiff is informed and believes, and thereby alleges that each of the defendants herein were at all times relevant hereto, the agents, representatives, servants and employees of the remaining defendants, and was acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such defendants, and each of them.

## FACTUAL BACKGROUND

8. On June 11, 2015, Plaintiff was hired by Defendant as a commercial driver at its "Honey Bucket" yard in Richmond, California. Plaintiff was not exempt from the hourly overtime requirements under federal and state laws. His starting rate was approximately $9.00/hour. His duties included cleaning, repairing, pick up and delivery of portable toilets and hand washer stations.

9. Plaintiff had 14 years of commercial driving experience with a class B license before he was hired. He diligently and professionally performed his duties for Defendant and was one of its most knowledgeable and capable drivers. Plaintiff received regular increases in his hourly wage. In 2020, he was earning $27.40/hour.

10. Since Plaintiff started his employment with Defendant, he was instructed to work, and did work, 14-16 hours per day. Defendant was aware that Plaintiff worked in excess of his 8 hour shift, but, did not pay him full overtime. He was required to work 6 days per week, as well as on week-ends.

11. Plaintiff regularly worked more than 40 hours in a workweek without receiving proper overtime compensation. During these weeks, Honey Bucket not provide Plaintiff with overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during those workweeks. Further, Plaintiff did not receive uninterrupted lunch or rest breaks during his shifts.

12. Plaintiff noticed these wage discrepancies on his paychecks when Defendant began using new payroll software. He reported these discrepancies to his supervisors who told him they would "make it up" on the next paycheck. Defendant did not make full and complete payment and Plaintiff continued to complain about his deficient wages to no avail.

13. Plaintiff was not required to keep timesheets. Defendant failed to maintain and keep time records for Plaintiff. Defendant knew Plaintiff worked overtime without proper compensation, and it willfully failed and refused to pay him overtime wages at the required rates.

14. Plaintiff was never offered a promotion throughout his employment with Defendant. Further, his supervisors have antagonized and belittled him because of his race and nationality. They made disparaging remarks about his accent and told him he did not receive a promotion because he "spoke horrible English." This remark is false as Plaintiff speaks English fluently. Plaintiff has applied for multiple promotions without success and witnessed less experienced Caucasian employees receive these opportunities. Defendant also treated Plaintiff and other non-Caucasian workers differently by assigning them longer hours and heavier workloads than Caucasian employees.

15. Further, when Plaintiff returned from a protected medical leave in 2019, his supervisors threatened him with a heavier workload because they were upset that he took a protected leave of absence.

16. Defendant had a business practice of cleaning its portable toilets on a designated 20'x 20' concrete slab in the Richmond yard. Defendant sprayed the toilets with soap, bleach and chemicals to separate the fecal matter. The slab was not level and contained only one drain such that contaminated water from the toilets collected in stagnant pools. Plaintiff complained to Defendant that workers were exposed to fecal matter and other environmental hazards when they stood in 4 inches of contaminated water and attempted to clean the toilets before preparing them for deliveries. His supervisors merely laughed and responded, "You're getting wet . . . wear 2-3 pairs of socks!" Plaintiff explained Defendant's unsanitary and hazardous methods in the cleaning station was disallowed by the Occupational Health & Safety Administration (OSHA).

He also requested protective gear such as rain coats, waterproof boots, and gloves for the employees. His supervisors replied, "No, we don't provide that. We've been doing it this way for a couple of years." Plaintiff made multiple complaints about Defendant's unsafe working conditions over the last year of his employment.

17. On December 15, 2020, Plaintiff injured himself on the job. He was replacing a foot pump on a hand washing station at a construction site in San Francisco when he slipped on excess water and fell directly upon his left knee. Plaintiff was unable to walk for several days or place full weight upon his left leg. He reported his injury to his supervisor that same day. His supervisor completed an accident report and told him to stay home. A few days later, Plaintiff informed his supervisor that he would need additional time to recover.

18. Instead, on or about December 22, 2020, Defendants terminated Plaintiff and told him that he had "abandoned" his job.

## FIRST CAUSE OF ACTION

(Violations of the FLSA, 29 U.S.C. Section 201, et. al.)

19. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint as though fully set forth herein.

20. The Fair Labor Standards Act requires covered employers to pay non-exempt employees no less than one-and-one half times their regular rate of pay for all hours worked in excess of forty in a workweek. 29 U.S.C. section 207.

21. Plaintiff is a non-exempt covered employee. 29 U.S.C. section 203(e)(1).

22. Plaintiff has worked more than 40 hours per week for Defendant during the applicable period.

23. Defendant has not properly compensated Plaintiff for his overtime hours as required by the FLSA.

24. Defendant failed to make a good-faith effort to comply with the FLSA as it related to the compensation of Plaintiff. Defendant knew Plaintiff worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff his wages at the required

overtime rates.  29 U.S.C. section 255.  Defendant's willful failure and refusal to pay Plaintiff wages for time worked violated the FLSA.  29 U.S.C. section 207.

25. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant failed to make, keep and preserve records sufficient to determine Plaintiff's wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. section 255(a).

26. Further, the anti-retaliation of the Fair Labor Standards Act, 29 U.S.C. Section 215, prohibits an employer from retaliating or discriminating against an employee for making internal complaints pertaining to compensation statutes, including failure to pay all wages, overtime, and meal/rest breaks of an employee.

27. Defendant violated these provisions of the FLSA with regard to Plaintiff when it (a) failed to pay Plaintiff his wages including overtime, and (b) terminated Plaintiff's employment and took adverse actions, after internal complaints about the compensation during Plaintiff's employment.

28. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be proven at trial.

29. Defendant's conduct is properly characterized as "willful," and, as a result, Defendants are liable for liquidated damages.

## SECOND CAUSE OF ACTION

(Unpaid Overtime Wages – Labor Code sections 510, 1194)

30. Plaintiff realleges and incorporates the previous paragraphs of this Complaint as though fully set forth herein.

31. The laws of the State of California require an employer, such as Defendants, to pay overtime compensation to all employees, unless they are made exempt from the overtime pay requirements by the Legislature or the Industrial Welfare Commission (IWC).  Plaintiff has not qualified for any exemption at any time relevant to this action. Therefore, Plaintiff has all times relevant to this action been entitled to be paid overtime compensation for all overtime hours worked.

32. During Plaintiff's employment with Defendants, Plaintiff worked in excess of 8 hours in a workday, 12 hours in a workday, 40 hours in a workweek, all seven days of a workweek, and in excess of 8 hours on the seventh day of a workweek.

33. Defendants have misclassified Plaintiff as being exempt from the overtime pay entitlement under California law, and has failed and refused to pay him overtime compensation for his overtime hours worked as and in the manner required by California law.

34. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damaged, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, and is entitled to recover these damages, as well as interest, costs, and reasonable attorney's fees and costs, pursuant to statute.

### THIRD CAUSE OF ACTION

(Unpaid Meal Period Wages – IWC Wage Order No. 4,

Labor Code sections 218.5, 218.6, 226.7, 512)

35. Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

36. Plaintiff regularly worked in excess of 5 hours in a workday without being provided with a meal period of at least thirty minutes during which he was relieved of all duty, as required by Labor Code sections 226.7 and 512 of the IWC Wage Order No. 4, section 11. When an employer fails to provide such a meal period, the employer is required to pay the employee as wages one additional hour of pay at the employee's regular rate of compensation. Defendant failed to pay this additional meal period compensation to Plaintiff.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages, including loss of earnings from unpaid meal periods, in an amount to be established at trial, and is entitled to recover these damages, as well as interest, costs, and reasonable attorney's fees and costs, pursuant to statute.

## FOURTH CAUSE OF ACTION

(Waiting Time Penalties – Labor Code sections 201, 202, 203)

38. Plaintiff incorporates by reference the previous paragraphs this Complaint as though fully set forth herein.

39. Labor Code sections 201 and 202 requires Defendant to pay its employees all wages due immediately upon discharge, or within 72 hours of quitting without notice. Labor Code section 203 provides that where an employer willfully fails to make such timely payment, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days' wages.

40. Plaintiff has separated from employment with Defendant without being paid the overtime and meal period wages that are due to him within the time required by Labor Code sections 201 and 202. Defendant's failure to pay these wages has been and continues to be willful.

41. As a result of Defendant's conduct, Plaintiff is entitled to waiting time penalties in the amount of 30 days' wages under Labor Code section 203, together with interest thereon and reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION

(Itemized Wage Statement Violations – Labor Code section 226)

42. Plaintiff incorporates by reference the previous paragraphs of this Complaint as though fully set forth herein.

43. Under Labor Code section 226(a), Defendant has at all relevant times been required to provide Plaintiff with regular itemized written statements showing, among other things, total hours worked, all applicable hourly rates during the pay period, and the corresponding number of hours worked at each rate by the employee. Defendant knowingly and intentionally failed to provide timely, accurate itemized wage statements including this required information.

44. Under Labor Code section 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employee to comply with section 226(a) is entitled to

recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period, up to a maximum amount of $4,000.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has been injured, by among other things, not being paid all wages due, not knowing how many hours he worked and at what rate(s), and being required to file this action to recover his wages and determine the number of hours worked and wages due. Plaintiff is entitled to recover the damages or penalties provided by Labor Code section 226(e), including interest thereon, and costs and reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION

(Violation of California Labor Code Section 1102.5)

46. Plaintiff incorporates by reference the previous paragraphs of this Complaint as though fully set forth herein

47. California Government Code §1102.5, *et. seq* provide that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing illegal conduct, or making workplace complaints of illegal conduct.

48. In acting above, Defendant violated Section 1102.5, when it terminated Plaintiff's employment, and took adverse actions against Plaintiff, based upon his complaints of unpaid wages as well as unsafe and hazardous working conditions in the "cleaning station" of the Richmond yard.

49. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

50. Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

51. The acts of Defendant as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiffs and to cause Plaintiff mental anguish, anxiety, and distress. Defendant's acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

## SEVENTH CAUSE OF ACTION

(Violations of the California Fair Employment & Housing Act –

Race and Disability Discrimination)

52. Plaintiff incorporates by reference the previous Paragraphs of this Complaint as though fully set forth herein.

53. The California Fair Employment and Housing Act ("FEHA") prohibits an employer from discriminating against an employee based upon race and/or disability.

54. In acting above, Defendant violated FEHA when it terminated Plaintiff's employment, took other adverse actions against Plaintiff.

55. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment opportunities, indignity, great humiliation and emotional distress manifesting in physical symptoms.

56. Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

57. The acts of the Defendant as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause mental anguish, anxiety, and emotional distress. The acts of the employer Defendant were further committed by managing agents, officers, and/or directors of the Defendant, or ratified by the Defendant. The Defendant's acts were done in conscious disregard of the risk of severe

emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

## EIGHTH CAUSE OF ACTION

(Violation of Labor Code section 6310)

58. Plaintiff incorporates herein by reference all the allegations contained in the previous paragraphs of this complaint as fully set forth herein.

59. Labor Code section 6310 prohibits an employer from discriminating against an employee who makes any oral or written complaint about unsafe working conditions.

60. Plaintiff complained to Defendant about unsafe working conditions in the Richmond yard's cleaning station and requested protective gear for his co-workers and himself. Specifically, he complained to Defendant that workers were exposed to fecal matter and other hazards when they stood in 4 inches of contaminated water and attempted to clean the toilets before preparing them for deliveries.  Plaintiff further complained and reported that Defendant's unsanitary and hazardous methods in the cleaning station was disallowed by OSHA.

61. Plaintiff's complaints and reports of hazardous working conditions were substantial motivating reasons for Defendant's decision to discharge Plaintiff.

62. As a result of Defendant's conduct, Plaintiff has suffered harm.  Plaintiff seeks all available relief and damages, in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policies)

63. Plaintiff incorporates herein by reference the previous paragraphs of this complaint as fully set forth herein.

64. It is the fundamental public policy of the State of California that employers, like the Defendant, shall not retaliate against an employee (a) based upon his or her race or disability, pursuant to Government Code §12940 et. seq.;  and for reporting complaints about (b) compensation structures, including the payment of wages and bonuses; and (c) unsafe working

conditions. These fundamental public policies are embodied in the California Labor Code §§ 96 et. seq., 98 et. seq., 200 et. seq., 1102.5, 6310; and other federal and state laws and regulations.

All of these policies were fundamental at the time of the adverse employment actions. The violation of each of these policies was a substantial motivating reason for Plaintiff's discharge. In acting as alleged herein, Defendant wrongfully terminated Plaintiff in violation of these statutes, regulations, and public policies.

As a direct and legal result of Defendant's conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputational and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

The acts of Defendant as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause Plaintiff mental anguish, anxiety, and distress. The acts of the Defendant were further committed by managing agents, officers, or directors of Defendant, or ratified by it at a corporate level. Defendant's acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting oppression, fraud, malice under California Civil Code § 3294, entitling Plaintiff to punitive damages.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For prejudgment interest in an amount according to proof;
4. For equitable, declaratory, and/or injunctive relief including reinstatement;

5. For statutory penalties and liquidated damages;

6. For reasonable attorney's fees and cost of suit therein pursuant to applicable provisions of law, including Labor Code sections 218.5, 226, 1102.5, 1194, and 2699, and 29 U.S.C. section 216(b), and Code of Civil Procedure section 1021.5;

7. For such other and further relief as the court may deem proper; and,

8. For punitive or exemplary damages;

9. **Plaintiff demands a trial by jury.**

Dated: August 10, 2021                    BROWN | POORE LLP

                                          By:   *//s// Scott A. Brown*
                                                Scott A. Brown
                                                Attorneys for Plaintiff