1  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   A Professional Law Corporation
2  Rex Darrell Berry, State Bar No. 110219
       Rex.Berry@aalrr.com
3  Glen A. Williams, State Bar No. 257665
       Glen.Williams@aalrr.com
4  2151 River Plaza Drive, Suite 300
   Sacramento, California 95833-4130
5  Telephone:  (916) 923-1200
   Fax:  (916) 923-1222
6
   Attorneys for Defendant NORTHWEST CASCADE, INC.
7

8  Scott A. Brown, SBN 177099
   BROWN | POORE LLP
9  3100 Oak Road, Suite 100
   Walnut Creek, California 94597
10 Telephone:  (925) 943-1166
   sbrown@bplegalgroup.com
11
   Attorneys for Plaintiff
12 LUIS LOPEZ

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  LUIS LOPEZ, | Case No.       4:21-cv-06150-KAW |
| 18                 Plaintiff, | **INITIAL JOINT CASE MANAGEMENT STATEMENT** |
| 19  v. | Judge:        Hon. Kandis A. Westmore |
| 20  NORTHWEST CASCADE, INC. and DOES 1 to 10, | Complaint Filed:   August 10, 2021 |
| 21                 Defendants. | Trial Date:          TBD |
| 22 | |

23        In accordance with Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the

24  Standing Order for All Judges of the Northern District of California – Contents of Joint Case

25  Management Statement, counsel for Plaintiff and Defendant submit this Initial Joint Case

26  Management Statement.  The Parties conferred and submit the following report of their meeting

27  for the court's approval:

28  //

I.      **JURISDICTION AND SERVICE**

This Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331. No issues exist regarding personal jurisdiction or venue.  No parties remain to be served.

II.     **FACTS AND LEGAL ISSUES**

A.      **Factual Issues**

1.      **Plaintiff's Position**

a.      **Plaintiff is owed wages**.

On June 11, 2015, Plaintiff was hired by Defendant as a commercial driver at its  "Honey Bucket" yard in Richmond, California.   Plaintiff was not exempt from the hourly overtime requirements under federal and state laws.  His duties included cleaning, repairing, pick-up and delivery of portable toilets and hand washer stations.

Since Plaintiff started his employment with Defendant, he was instructed to work, and did work, 14-16 hours per day.  Defendant was aware that Plaintiff worked in excess of his 8 hour shift, but, did not pay him full overtime.  He was required to work 6 days per week, as well as on week-ends.

Plaintiff noticed these wage discrepancies on his paychecks when Defendant began using new payroll software.  He reported these discrepancies to his supervisors who told him they would "make it up" on the next paycheck.  Defendant did not make full and complete payment and Plaintiff continued to complain about his deficient wages to no avail.

b.      **Defendant's discrimination of Plaintiff**.

Plaintiff was never offered a promotion throughout his employment with Defendant. Further, his supervisors have antagonized and belittled him because of his race and nationality. They made disparaging remarks about his accent and told him he did not receive a promotion because he "spoke horrible English."  This remark is false as Plaintiff speaks English fluently. Plaintiff has applied for multiple promotions without success and witnessed less experienced Caucasian employees receive these opportunities.  Defendant also treated Plaintiff and other non-Caucasian workers differently by assigning them longer hours and heavier workloads than Caucasian employees.  Further, when Plaintiff returned from a protected medical leave in 2019,

his supervisors threatened him with a heavier workload because they were upset that he took a protected leave of absence.

### c.    **Plaintiff complained of unsafe work conditions**.

Defendant had a business practice of cleaning its portable toilets on a designated 20'x 20' concrete slab in the Richmond yard.  Defendant sprayed the toilets with soap, bleach and chemicals to separate the fecal matter.  The slab was not level and contained only one drain such that contaminated water from the toilets collected in stagnant pools.  Plaintiff complained to Defendant that workers were exposed to fecal matter and other environmental hazards when they stood in 4 inches of contaminated water and attempted to clean the toilets before preparing them for deliveries.  His supervisors merely laughed and responded, "You're getting wet . . . wear 2-3 pairs of socks!"  Plaintiff explained Defendant's unsanitary and hazardous methods in the cleaning station was disallowed by the Occupational Health & Safety Administration (OSHA).  He also requested protective gear such as rain coats, waterproof boots, and gloves for the employees.  His supervisors replied, "No, we don't provide that.  We've been doing it this way for a couple of years."  Plaintiff made multiple complaints about Defendant's unsafe working conditions over the last year of his employment.

### d.    **Plaintiff suffered an injury on the work site**.

On December 15, 2020, Plaintiff injured himself on the job.  He was replacing a foot pump on a hand washing station at a construction site in San Francisco when he slipped on excess water and fell directly upon his left knee.  Plaintiff was unable to walk for several days or place full weight upon his left leg.  He reported his injury to his supervisor that same day.  His supervisor completed an accident report and told him to stay home.  A few days later,  Plaintiff informed his supervisor that he would need additional time to recover.

### e.    **Plaintiff's termination**.

Instead, on or about December 22, 2020, Defendants terminated Plaintiff and told him that he had "abandoned" his job.

//

//

016646.00013
35009899.1

2.    **Defendant's Position**

Defendant denies all allegations made by Plaintiff, and denies that Plaintiff is entitled to the recovery any damages whatsoever.

**B.    Legal Issues**

1.    **Plaintiff's Position**

a.    Whether Defendant fully compensated Plaintiff for his overtime hours under the FLSA.

b.    Whether Defendant fully compensated Plaintiff for meal and rest breaks.

c.    Whether Plaintiff is entitled to waiting time penalties pursuant to Labor Code sections 201-203.

d.    Whether Defendant provided adequate itemized wage statements.

e.    Whether Defendant retaliated against Plaintiff for complaining of unpaid wages.

f.    Whether Defendant retaliated against Plaintiff for complaining of unsafe and hazardous working conditions in the Richmond yard.

g.    Whether Defendant discriminated against Plaintiff based upon race.

h.    Whether Defendant discriminated against Plaintiff based upon disability.

i.    Whether Defendant caused Plaintiff harm and damages.

j.    The nature and extent of Plaintiff's harm and damages.

2.    **Defendant's Position**

Defendant agrees that the stated issues are alleged in Plaintiff's Complaint, but denies any liability under any issue.  Defendant further incorporates by reference the denials and affirmative defenses set forth in "DEFENDANT NORTHWEST CASCADE, INC.'S ANSWER TO COMPLAINT" on file with this Court.

**III.    MOTIONS**

There are no motions pending. The Parties anticipate the filing of motions for summary judgment at the appropriate time.

//

**IV.** **AMENDMENT OF PLEADINGS**

Plaintiff does not anticipate any amendment of the pleadings at this time.

**V.** **EVIDENCE PRESERVATION**

The Parties are aware of the obligations to preserve evidence and have taken all appropriate steps to do so.

**VI.** **DISCOVERY**

The Parties are following the Northern District of California's General Order No. 71 governing discovery protocols in employment cases, and initial disclosures were exchanged by the parties on October 12, 2021.

There is no need to modify the default discovery limits set forth in the Federal Rules of Civil Procedure.

**VII.** **CLASS ACTION**

This is not a class action.

**VIII.** **RELATED CASES**

There are no cases that have been deemed as related to this action.

**IX.** **RELIEF**

**1.** **Plaintiff's Position**

Economic Damages:  Plaintiff's investigation is continuing as to the number of unpaid hours and amount of overtime wages that he is owed.  Plaintiff will seek all available statutory and equitable remedies, including but not limited to twice back pay pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 215.  Plaintiff is also seeking damages to the amounts owed for missed meal and rest breaks, future wage loss, lost benefits, bonus owed, as well as additional statutory penalties.

Non-Economic Damages:  Plaintiff seeks general damages for emotional injuries manifesting in physical illness, significant reputation and professional injury, embarrassment and anguish, and emotional distress.  Plaintiff experienced anxiety, depression, sleeplessness, headaches, increased weight, fatigue, stress, and loss of enjoyment of life as a result of Defendant's violation of his employment rights.

016646.00013
35009899.1

<u>Attorneys' Fees and Costs</u>:  This amount will be decided by the trier of fact after all evidence is provided.  The amounts continue to accrue.

Plaintiff reserves the right to supplement this response as Plaintiff has not completed his trial preparation and discovery has just commenced.

**2.      Defendant's Position**

Defendant denies that Plaintiff is entitled to recover any damages whatsoever.

**X.      SETTLEMENT AND ADR**

The parties are amenable to private mediation or the court's ADR program.

**XI.      WHETHER ALL PARTIES CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties have consented to the assignment of Magistrate Judge Kandis A. Westmore, for all purposes.

**XII.      OTHER REFERENCE**

The Parties agree that no references to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation would be either necessary or suitable in this action at this time.

**XIII.      NARROWING OF ISSUES**

The Parties submit that it is premature to discuss any further narrowing, or how to expedite presentation of any issues at trial.

**XIV.      EXPEDITED SCHEDULE**

The Parties agree that this case is not suitable for handling on an expedited basis with streamlined procedures.

**SCHEDULE**

**1.      Plaintiff's Position**

Plaintiff proposes the following schedule:

| | |
|---|---|
| Initial case management conference | November 9, 2021 |
| Fact discovery cut-off | June 6, 2022 |
| Last day for dispositive motion hearing | June 13, 2022 |
| Affirmative expert designations | June 27, 2022 |

016646.00013
35009899.1

| | |
|---|---|
| Rebuttal expert designations | July 8, 2022 |
| Expert discovery cut off | August 5, 2022 |
| Pre-trial conference | October 17, 2022 |
| Trial | November 7, 2022 |

## 2.   **Defendant's Position**

Defendant proposes the following schedule:

| | |
|---|---|
| Initial case management conference | November 9, 2021 |
| Fact discovery cut-off | September 30, 2022 |
| Affirmative expert designations | October 21, 2022 |
| Rebuttal expert designations | November 4, 2022 |
| Last day for dispositive motion hearing | December 1, 2022 |
| Expert discovery cut off | December 8, 2022 |
| Settlement Conference | January 11, 2023 |
| Pre-trial conference | February 8, 2023 |
| Trial | March 6, 2023 |

Counsel for Defendant would not be able schedule trial until the Spring months of 2023 due to family obligations in August and November 2022 and trials currently scheduled on the following dates:

| **Date** | **Est. Duration** | **Case Name & Court** |
|---|---|---|
| January 25, 2022 | Approx. 3-week trial. | *Jessica Hoglund v. Sierra Nevada Memorial-Miners Hospital*, Nevada County Superior Court, Case No. CU18-083045 |
| February 14, 2022 | Approx. 3-week trial. | *Dawnlea Bucey v. Dignity Health*, San Francisco County Superior Court, Case No. CGC-20-585748 |
| March 8, 2022 | Approx. 3-week trial. | *Stacy Zolldan v. Sierra Nevada Memorial-Miners Hospital*, Nevada County Superior Court, Case No. CU18-083374-B |
| April 8, 2022 | Approx. 2-week trial. | *Irma Toscano v. Broadway Villa Post Acute*, Sonoma County Superior Court, Case No. SCV-265739 |
| May 3, 2022 | Approx. 3-week trial. | *Monique Rodriguez v. Sutter Health*, Stanislaus County Superior Court, Case No. CV-20-003747 |

| **Date** | **Est. Duration** | **Case Name & Court** |
|---|---|---|
| May 11, 2022 | Approx. 2-day trial. | *Luxor Distro, Inc. v. General Logistics Systems US, Inc.*, Orange County Superior Court,  Case No. 30-2020-01152665-CL-BC-CJC |
| June 27, 2022 | Approx. 3-week trial. | *Barbara Young v. Sutter Health*, Sacramento County Superior Court, Case No. 34-2019-000257968 |
| July 25, 2022 | Approx. 3-week trial. | *Courtney Wilson v. Sutter Valley Hospitals*, Placer County Superior Court Case No. S-CV-0046839 |
| September 26, 2022 | Approx. 3-week trial. | *Darlene Bartolomei v. Sutter Health*, Sacramento County Superior Court, Case No. 34-2019-000260282 |
| October 3, 2022 | Approx. 2-week trial. | *Bruce Andrews v. Command Delivery Systems, Inc.*, Alameda County Superior Court, Case No. RG21093512 |
| October 31, 2022 | Approx. 3-week trial. | *Rebecca Sands v. Dignity Health*, San Joaquin County Superior Court, Case No. STK-CV-UWT-2019-6970 |
| January 9, 2023 | Approx. 3-week trial. | *Deanna DiMaggio v. Dignity Health*, Sacramento County Superior Court, Case No. 34-2019-00248987 |

## XV.   TRIAL

Plaintiff has requested a jury trial and anticipates a trial of 5-7 court days.

Defendant requests that this matter be tried to the Court but agrees that 5-7 court days is a reasonable estimate of the length of trial.

## XVI.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendant has filed a Certification of Interested Entities or Persons as required by Civil Local Rule 3-15.  Plaintiff will promptly do so.

## XVII.   PROFESSIONAL CONDUCT:

The attorneys of record for each Party certify that each has reviewed the Guidelines for Professional Conduct for the Northern District of California.

//

//

//

//

//

016646.00013
35009899.1

1    **XVIII. <u>OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND</u>**

2    **<u>INEXPENSIVE DISPOSITION OF THIS MATTER</u>**

3         The Parties are not aware of any such matters at this time.

4    Dated:  November 1, 2021               BROWN POORE LLP

5                                                                    */s/ Scott A. Brown*
                                                                     (Authorized via email on 11/1/21)
6                                                    By: _____

7                                                          Scott A. Brown
                                                           Attorneys for Plaintiff LUIS LOPEZ
8

9    Dated: November 1, 2021               ATKINSON, ANDELSON, LOYA, RUUD & ROMO

10                                                             */s/ Glen A. Williams*
                                                     By: _____
11                                                         Rex Darrell Berry
                                                           Glen A. Williams
12                                                         Attorneys for Defendant NORTHWEST
                                                           CASCADE, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

016646.00013
35009899.1
INITIAL JOINT CASE MANAGEMENT STATEMENT
Case No. 4:21-cv-06150-KAW

1

## ATTORNEY'S SIGNATURE ATTESTATION

2

3

4

5

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that I have on file documentation of the concurrence in the filing of this document from the other Signatory to this e-filed document, attorney Scott A. Brown, who is a registered CM/ECF user and provided me written authorization via email of his consent to affixing his e-signature hereto.

6

Dated: November 1, 2021                 ATKINSON, ANDELSON, LOYA, RUUD & ROMO

7

*/s/ Glen A. Williams*

8

By: _____

9

Glen A. Williams
Attorneys for Defendant NORTHWEST CASCADE, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

Case Name:     Luis Lopez v. Northwest Cascade, Inc.

3

No.:     3:21-cv-06150-KAW

4

5

6

        On November 1, 2021, I filed the following document(s) described as INITIAL JOINT CASE MANAGEMENT STATEMENT electronically through the CM/ECF system.  All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

7

8

        I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

9

        Executed on November 1, 2021, at Sacramento, California.

10

11

                                    /s/ Katherine L. Rockenstein
                                    Katherine L. Rockenstein

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

016646.00013
35009899.1

- 11 -

INITIAL JOINT CASE MANAGEMENT STATEMENT
Case No. 4:21-cv-06150-KAW